IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TANEESHA DAVIS,<br>*Individually and on behalf of all others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>THE CHICAGO LIGHTHOUSE FOR PEOPLE WHO ARE BLIND OR VISUALLY IMPAIRED<br>Defendants. | Case No.<br><br><br><br><br><br><br>**29 USC § 216(B) COLLECTIVE ACTION**<br>**RULE 23 COLLECTIVE ACTION** |

## INTRODUCTION

This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23. This case implicates 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), the Cook County Minimum Wage Ordinance (hereinafter Cook Ordinance), and the Municipal Code of Chicago Minimum Wage Ordinance §1-24 (hereinafter "Chicago Ordinance"), and complains against THE CHICAGO LIGHTHOUSE FOR PEOPLE WHO ARE BLIND OR VISUALLY IMPAIRED (hereinafter "CL") and in support states as follows:

## JURISDICTION AND VENUE

1. This action seeks redress for Defendants' willful violations of the FLSA and violations of the IMWL, the Cook Ordinance, and the Chicago Ordinance, whether willful or not, for Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked more than forty (40) hours in a week. Defendants also violated the above referenced statutes and ordinances by failing to pay Plaintiff and the putative classes at least minimum wage.

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's State and Local Minimum Wage claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cook County, Illinois.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), IMWL).

7. Defendant, The Chicago Lighthouse for People Who are Blind or Visually Impaired (CL), is a non-profit corporation organized and existing under the laws of the State of Illinois.

8. At times relevant herein, Defendant conducted business in Cook County, Illinois.

9. At all times relevant herein, Defendant was an employer within the meaning of the FLSA. IMWL, Cook County Minimum Wage Law, and Chicago Minimum Wage Law.

10. At all times relevant herein, Plaintiff was an employer within the meaning of 29 U.S.C. § 203(d), IMWL, Cook County Minimum Wage Law, and Chicago Minimum Wage Law.

11. At all times relevant herein, Defendant CL was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, CL was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, CL held call center contracts with a number of partners, including but not limited to, the Illinois Tollway Authority, University of Illinois Hospital and Health Sciences System, Advocate Health Care, Illinois Joining Forces, and Illinois Department of Financial and Professional Regulation.

14. Based on information and belief, Defendant CL has annual gross sales of $500,000.00 or more.

15. At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Plaintiff's consent is attached as exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendant CL operates customer care centers in and around Chicago, Illinois.

18. Plaintiff was employed by Defendant CL as a customer care agent in Chicago,

Illinois from on or about May 28, 2019 through August 28, 2019.

19. Plaintiff and other similarly-situated customer care agents were employed by Defendant to engage in customer care, primarly over the phone.

20. Plaintiff and other similarly-situated employees are non-exempt employees under the FLSA.

21. Plaintiff and other similarly-situated employees are paid an hourly wage.

**(Failure to Pay For Time Spent Starting and Logging Into
Computer Systems, Applications, and Phone System)**

22. Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant CL's computer systems, numerous software applications, and phone system.

23. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

24. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

25. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendants.

26. There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly-situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems, applications, and phone system.

27. This unpaid work performed by Plaintiff and other similarly-situated employees constitutes a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

28. Moreover, this unpaid work is an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees. They cannot perform their work without bringing up Defendant CL's computer systems, applications, and phone system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

29. Plaintiff and other similarly-situated employees were required by Defendants to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant CL's computer systems, numerous software applications, and phone system.

30. Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

31. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

32. This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendants.

33. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendants' computer systems, applications, and phone system and before and after other meetings and work time.

34. This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

35. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees, such as their

fundraising work.

**(Failure to Pay for Time Spent working but not logged into the computer)**

36. Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees are only clocked in if they are logged into a computer software program.

37. Plaintiff and similarly situated employees engage in multiple work related activities in which they and are not compensated because the computer automatically logs them out if they are away from their desk.

38. The logout system does not comply with applicable minimum wage and overtime law which requires and employer to count as work time any breaks that are not bona-fide meal breaks.

39. The logout system does not comply with applicable minimum wage and overtime law which requires all work time to be counted in the calculation of hourly wages rather than arbitrarily counting only the time that an employee is logged into a computer system.

**(Failure to Pay Overtime Compensation)**

40. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

41. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

42. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees when they were not clocked in to their computer timekeeping system.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

44. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current customer care agents or persons with jobs performing substantially identical functions and/or duties as a customer care agent employed by Defendant in the United States within the statutory period covered by this Complaint.

45. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

46. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

47. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the IMWL class ("the IMWL Class") defined as:

> All former and current customer care agents or persons with jobs performing substantially identical functions and/or duties to telephone sales representatives employed by Defendant in Illinois at any time within the statutory period covered by this Complaint.

49. Plaintiff brings Count Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the Chicago Class ("the Chicago Class") defined as:

> All former and current customer care agents or persons with jobs performing substantially identical functions and/or duties to telephone sales representatives employed by Defendant in the City of Chicago for at least two hours at any time within the statutory period covered by this Complaint.

50. Plaintiff brings Count Four of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the IMWL class ("the IMWL Class") defined as:

> All former and current customer care agents or persons with jobs performing substantially identical functions and/or duties to telephone sales representatives employed by Defendant in the County of Cook at any time within the statutory period covered by this Complaint.

51. The Classes are so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Classes but, upon information and belief, avers that each class consists of at least 100 persons.

52. There are questions of law or fact common to the Classes, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its customer care agents for hours worked in excess of 40 each workweek; and

8

    (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violations of minimum wage and overtime laws.

53. The claims of the named Plaintiff are typical of the claims of other members of the Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Class members.

54. The named Plaintiff will fairly and adequately protect the interests of the Classes. Her interests are not antagonistic to, but rather are in unison with, the interests of the members of the Classes. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the classes in this case.

55. The questions of law or fact that are common to each Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Classes, listed above, are common to the classes as a whole, and predominate over any questions affecting only individual class members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

59. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed when they are not logged into their computer, including but not limited to before the beginning and after the end of their shift each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

60. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

61. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

62. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

63. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

64. Plaintiffs and other similarly situated employees are entitled to recover unpaid, earned overtime wages for up to three (3) years before the filing of this lawsuit.

65. Plaintiff and similarly situated customer care employees are entitle to damages pursuant to the formula set forth in the FLSA in addition to liquidated damages, attorneys' fees,

costs, and expert witness fees.

**COUNT TWO**
**(IMWL Violations)**

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the IMWL.

68. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the IMWL.

69. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for their time, other than bona-fide meal breaks, during their shift but when they are not clocked into their computer, violated the IMWL.

70. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the IMWL.

71. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the IMWL.

72. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL

73. Plaintiff and similarly situated customer care employees are entitle to damages pursuant to the formula set forth in the IMWL in addition to liquidated damages, attorneys' fees, costs, and expert witness fees.

## COUNT THREE
### (Cook County Minimum Wage Ordinance Violations)

74. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75. This count arises from Defendants' violation of the Cook Ordinance, by failing to pay Plaintiff and similarly situated customer care agents at least the Cook County-mandated, minimum, hourly wage rate of $12.00 per hour for the work performed up to 40 hours per week and at least $18.00 per hour for the hours after working forty (40) hours within the County of Cook.

76. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the Cook Ordinance.

77. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the Cook Ordinance.

78. Defendants' practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Cook Ordinance.

79. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendants willfully, knowingly and/or recklessly violated the provisions of the Cook Ordinance.

80. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Cook Ordinance.

## COUNT FOUR
### (Chicago Minimum Wage Ordinance Violations)

81. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

82. This count arises from Defendants' violation of the Chicago Ordinance, by failing to pay Plaintiff and similarly situated customer care agents at least the City of Chicago-mandated, minimum, hourly wage rate of $12.00 per hour for the work performed up to 40 hours per week and at least $18.00 per hour for the hours worked by Plaintiff and the Chicago Class after working forty (40) hours in a week within the City of Chicago.

83. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the Chicago Ordinance.

84. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the Chicago Ordinance.

85. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the Chicago Ordinance.

86. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the Chicago Ordinance.

87. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the Chicago Ordinance.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this

litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiff and the classes she represents actual damages for unpaid wages;

    D.    Award Plaintiff and the classes she represents liquidated damages and statutory damages;

    E.    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

    F.    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

    G.    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Michael L. Fradin
Michael Fradin (0091739)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
mike@fradinlaw.com
phone: 847-986-5889
fax: 847-673-1228

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Michael L. Fradin
One of the Attorneys for Plaintiff